

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00019-CR

Sandra Jo **SMALL**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-20-0000066
Honorable M. Rex Emerson, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: May 24, 2023

AFFIRMED

Appellant Sandra Jo Small appeals her conviction for possession of a controlled substance with intent to deliver. In her sole issue, she contends the evidence is insufficient to support her conviction. We affirm the trial court's judgment.

### BACKGROUND

Small was charged by indictment with possession of a controlled substance with intent to deliver, namely methamphetamine, in an amount of one gram or more but less than four grams. She pleaded not guilty, and the case proceeded to a jury trial. At trial, the jury heard testimony

from Bandera County Investigator Gerald Johnson, who testified he was the lead investigator responsible for executing a search warrant on Small's property and an arrest warrant for Small.

Investigator Johnson testified he and a team of officers executed the warrants one evening close to midnight. During the search, officers found Small and another woman sitting in a vehicle parked in front of Small's travel trailer. Investigator Johnson testified when he approached the vehicle, officers had already removed the women from the vehicle; Small had been sitting in the passenger seat of the vehicle prior to exiting. Investigator Johnson further testified when he searched the vehicle, he found a purse on the passenger-side floorboard. Inside the purse, he found a wallet containing Small's driver's license, social security card, and cell phone. The purse also contained a pack of cigarettes in which he found two small plastic baggies containing methamphetamine. A search of Small's cell phone further revealed Small had been discussing the sale of methamphetamine to other individuals. In addition to Investigator Johnson's testimony, the jury saw photos from the scene showing the property's location, the vehicle, the purse, Small's driver's license and cell phone, and the cigarette pack containing two baggies of methamphetamine.

The jury found Small guilty as charged, and the trial court sentenced her to twenty years' imprisonment. Small now appeals, specifically arguing the evidence is insufficient to prove beyond a reasonable doubt she exercised care, custody, and control over the methamphetamine.

## ANALYSIS

### *Standard of Review*

When reviewing the sufficiency of the evidence to support a conviction, we apply the legal sufficiency standard set out in *Jackson v. Virginia*. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under this standard, we consider the evidence in the light most favorable to the verdict to determine whether any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020). We consider both direct and circumstantial evidence as well as all reasonable inferences potentially drawn from the evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018). "Each fact need not point directly and independently to the guilt of a defendant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Walker v. State*, 594 S.W.3d 330, 335 (Tex. Crim. App. 2020) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).

The jury is also the sole judge of the witnesses' credibility and weight given to their testimony. *Brooks*, 323 S.W.3d at 899. As the reviewing court, we must give deference to the jury's responsibility to fairly resolve any inconsistencies "in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Walker*, 594 S.W.3d at 335. This means "[j]uries can draw reasonable inferences from the evidence so long as each inference is supported by the evidence produced at trial." *Metcalf v. State*, 597 S.W.3d 847, 855 (Tex. Crim. App. 2020). Finally, sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Walker*, 594 S.W.3d at 335-36.

### *Applicable Law*

A person commits a second-degree felony if he knowingly possesses, with the intent to deliver, a controlled substance, such as methamphetamine, in the amount of one gram or more but less than four grams. TEX. HEALTH & SAFETY CODE § 481.112(a), (c); *see id*. § 481.102. The State must prove, by direct or circumstantial evidence, the accused exercised control, management, or care over the controlled substance and knew it was contraband. *Tate v. State*, 500 S.W.3d 410,

413 (Tex. Crim. App. 2016). Mere presence at the location where drugs are found is insufficient, without more, to establish actual care, custody, or control over the controlled substance. *Id.*; *see Blackman v. State*, 350 S.W.3d 588, 594–95 (Tex. Crim. App. 2011). If the accused was not in exclusive possession of the contraband, the State must produce evidence affirmatively linking her to it. *See Blackman*, 350 S.W.3d at 594–95. The evidence must show the accused's connection to the contraband "was more than just fortuitous." *Id*.

We also consider a laundry list of factors to establish affirmative links between the accused and the contraband. *Barbosa v. State*, 537 S.W.3d 640, 645 (Tex. App.—San Antonio 2017, no pet.) (citing *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006)). These factors include: "(1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt." *Id.* (quoting *Evans*, 202 S.W.3d at 162 n.12). An accused's connection to the contraband emerges from the logical force of the evidence, direct or circumstantial. *Id.*

### *Application*

Small argues the State failed to produce sufficient evidence showing she exercised care, custody, and control over the methamphetamine. According to Small, Investigator Johnson's

conclusion the baggies belonged to Small was based on sheer speculation because he was not present when officers removed her from the vehicle, and therefore, he could not rule out the possibility the baggies belonged to the other woman in the vehicle.

At trial, Investigator Johnson testified when officers arrived at Small's property to execute the search warrant, they found Small and another woman sitting in a vehicle parked outside of Small's travel trailer. He testified when he approached the vehicle, officers had already removed Small and the woman from the vehicle. He testified he learned from the other officers Small had been sitting in the passenger seat of the vehicle, and the other woman had been sitting in the driver's seat. He stated he then began searching the vehicle and found an open purse sitting on the floorboard of the passenger seat. When he searched the purse, he found a number of Small's belongings, including her driver's license, social security card, and cell phone. He also found the cigarette pack containing two baggies of methamphetamine.

When asked whether it was possible the other woman could have tossed the cigarette pack containing the baggies into the open purse, Investigator Johnson testified it was not. According to the investigator, the officers who detained Small were trained to take control of the vehicle. He further explained he had trained the officers, and "[t]hey are not going to let a person bend over the seat and go digging around in the floorboard while they are trying to control the situation." Therefore, even though he was not present when Small and the other woman were removed from the vehicle, he could reject the possibility the baggies had been tossed into the purse by someone else. Investigator Johnson further testified after Small was in custody, Small told him and the other officers where she hid drugs on the property.

When considering the logical force of all the evidence in the light most favorable to the verdict, a jury could have reasonably inferred the two baggies of methamphetamine belonged to Small. *See Stahmann*, 602 S.W.3d 573 at 577. Direct and circumstantial evidence established

Investigator Johnson found the baggies in a purse containing Small's other belongings, and the purse was found on the floorboard where Small had been sitting, making it easily accessible. *See Clayton*, 235 S.W.3d at 778; *Barbosa*, 537 S.W.3d at 645. The jury also heard testimony showing Small was not merely present when officers found the contraband, but she also admitted other drugs were on the property and her cell phone text messages indicated she was involved in the sale of methamphetamine. *See Barbosa*, 537 S.W.3d at 645.

Small, however, asserts the baggies could have been placed in the purse by the other woman in the vehicle, but the jury could have rejected this theory and agreed with Investigator Johnson based on his experience as a narcotics investigator and his familiarity with the officers' training. *See Blackman*, 350 S.W.3d at 596 (reasoning jury could reasonably rely on narcotics investigator's opinion appellant acted like narcotics trafficker). Additionally, "[t]he prosecution has no affirmative duty to 'rule out every hypothesis except that of guilt.'" *See id*. at 595 (quoting *Wright v. West*, 505 U.S. 277, 296 (1992)). Accordingly, we conclude a jury could have reasonably found beyond a reasonable doubt Small had care, custody, and control over the methamphetamine. We therefore conclude the evidence is sufficient and overrule Small's sole appellate issue.

CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish